955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey MORALES, Defendant-Appellant.
 No. 90-10180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Morales appeals his sentence under the Sentencing Guidelines upon his guilty plea to one count of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 135 months imprisonment and 4 years supervised release. He contends that the district court erred by increasing his base offense level for firearm possession because (1) his shotgun was not connected to the offense and (2) the district court did not enhance a co-defendant's sentence for firearm possession. He also contends that the district court erred by considering two prior convictions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's firearm possession finding for clear error. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). The district court has authority to increase a defendant's base offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense." U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 comment. n. 3; see Garcia, 909 F.2d at 1349 (connection not clearly improbable where firearm was found under floormat in car used during drug sale); United States v. Heldberg, 907 F.2d 91, 93-94 (9th Cir.1990) (same, handgun in briefcase in trunk of car used to smuggle drugs); United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989) (same, loaded pistol under mattress of bed in room used for drug transactions).
 
 
 4
 Here, the probation officer stated in the presentence report (PSR) that during a methamphetamine sale involving co-conspirator Willard Moren, an agent saw a handgun in a desk drawer at Morales's body shop. The probation officer also stated that Morales admitted that the handgun may have been in the drawer and that he kept a shotgun at the shop for protection.
 
 
 5
 In written objections to the PSR, defense counsel stated that because the handgun was never recovered and never again observed, the agent probably did not see it. Counsel also stated that at the sentencing hearing, Morales would testify that he told the probation officer, "I didn't know if a pistol was present in the desk, it could have been," and that he brought the shotgun to the shop to put it in a decorative wall mounting.
 
 
 6
 Before the sentencing hearing, the district court made a written finding that Morales possessed a firearm during commission of the conspiracy. The district court based the finding on (1) Morales's admission that he kept that shotgun at the shop for protection and (2) the agent's observation of the handgun in the drawer.
 
 
 7
 There is no question that the shotgun was present. See U.S.S.G. § 2D1.1 comment. n. 3. Morales contends, however, that defense counsel's statement regarding his projected testimony about the shotgun's decorative function showed that it was clearly improbable that the shotgun was connected to the offense. See id. The district court did not clearly err by believing the probation officer's statement that Morales had made a contrary admission during a presentence interview. See Garcia, 909 F.2d at 1349. Accordingly, we affirm the section 2D1.1(b)(1) upward adjustment based on Morales's possession of the shotgun. See id. We therefore do not reach the issue whether Morales was denied due process because the district court found insufficient evidence to support a firearm enhancement for Moren based on the handgun.
 
 
 8
 Morales also contends that the district court erred by calculating his criminal history score based on two prior convictions for which the government failed to file an information pursuant to 21 U.S.C. § 851(a)(1). The procedural requirements of section 851(a)(1) apply only when the government seeks statutory penalties pursuant to 21 U.S.C. §§ 841-58; they do not apply when the defendant is sentenced under the Sentencing Guidelines. United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991). Accordingly, Morales's contention lacks merit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3