972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Patrick GREINER, Defendant-Appellant.
 No. 91-50588.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 24, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Patrick Greiner appeals the denial of his motion to withdraw a guilty plea to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1). Greiner contends that the district court abused its discretion by failing to find his guilty plea invalid due to ineffective assistance of counsel. Greiner also argues that his state of depression constituted a fair and just reason for withdrawal of his guilty plea under Fed.R.Crim.P. 32(d). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991). While effectiveness of counsel and voluntariness of a guilty plea are reviewed de novo, factual findings underlying a district court's determination of voluntariness are upheld absent clear error. United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988).
 
 
 4
 A district court may permit withdrawal of a guilty plea prior to sentencing upon a showing of any fair and just reason. Fed.R.Crim.P. 32(d). Generally, such withdrawals are to be freely allowed, but are not a matter of right. Signori, 844 F.2d at 637. A defendant may not withdraw a guilty plea after his co-defendants have been sentenced unless it will result in manifest injustice. Ramos, 923 F.2d at 1358-59.[1]
 
 
 5
 A defendant who pleads guilty on advice of counsel may attack the voluntariness of his plea only by showing ineffective assistance of counsel. Signori, 844 F.2d at 638. A defendant is entitled to withdraw his guilty plea for ineffective assistance if his attorney made gross misrepresentations about existing law, United States v. Zweber, 913 F.2d 705, 712 (9th Cir.1990); Signori, 844 F.2d at 638, but not if the defendant fails to establish that misrepresentations were in fact made, Signori, 844 F.2d at 638-39. An attorney's erroneous sentence prediction does not invalidate a guilty plea where the district court has fully apprised the defendant that it was free to impose the maximum penalty. United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991); United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990). Absent proof of ineffective assistance of counsel, a defendant's apprehension that his sentence will be harsher than originally expected does not justify withdrawal of a guilty plea. Shah v. United States, 878 F.2d 1156, 1161-62 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 6
 Here, Greiner contends that he was entitled to withdraw his guilty plea because ineffective assistance of counsel rendered the plea involuntary. Greiner and his sister stated in affidavits that his previous attorney, Patrick Briggs, misinformed Greiner that he would be eligible for a six month to one year sentence at a minimum security work camp and that, if he did not prevail at trial, he would be subject to vindictive prosecution on other charges related to the conspiracy.[2]
 
 
 7
 Nonetheless, at the hearing on the motion to withdraw the guilty plea, Briggs denied having so advised Greiner and testified extensively as to the details of his discussions with his client.[3] There is no clear error in the district court's factual determination that Briggs did not make any misrepresentations to Greiner about the consequences of his guilty plea.[4] See Signori, 844 F.2d at 637-38. Moreover, Greiner did not move to withdraw his guilty plea until the actual date of sentencing, three months after the guilty plea, after his co-defendants had been sentenced, and after he had become aware of the sentence recommendation in his probation report. In light of these factors, the district court did not abuse its discretion in concluding that Greiner was experiencing a case of "buyer's remorse." See Ramos, 923 F.2d at 1358-59; Shah, 878 F.2d at 1161-62. No manifest injustice resulted from the the district court's denial of Greiner's motion to withdraw his guilty plea due to ineffective assistance of counsel. See Ramos, 923 F.2d at 1358-59.
 
 
 8
 Greiner contends for the first time on appeal that his depression over the suicide of his fiancee constitutes a fair and just reason for withdrawal of his guilty plea. With some exceptions, issues not presented to the district court cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991); United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987). Greiner offers no argument that his case fits within the exceptions to this rule.[5]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This heightened standard is intended to block defendants' misuse of guilty pleas as a means of "testing the water" to determine likely punishment and then withdrawing the plea if the sentence promises to be severe. Ramos, 923 F.2d at 1359; cf. Fed.R.Crim.P. 32(d), Advisory Committee Notes, 1983 Amendment (delay between guilty plea and motion to withdraw it is one factor to consider in permitting withdrawal of plea)
 
 
 [2]
 Greiner also points to a letter from Briggs, which notes that the probation report recommends a sentence of 151 months, "three times what we discussed."
 
 
 [3]
 Briggs stated that he discussed with Greiner a possible sentence of 5 to 12 years, indicated to him that the last portion of the sentence might be served in a halfway house with parole authority permission, and advised him that Greiner's possession of marijuana and a handgun, though uncharged, might form the basis for an amended indictment or for enhancement of his sentence. Briggs asserted, and the government confirmed, that he did not urge Greiner to plead guilty, but felt the case was triable
 
 
 [4]
 In addition, Greiner was not prejudiced by the alleged misrepresentations since the district court had fully apprised him at the plea hearing of his Rule 11 rights and of his maximum possible sentence. See Oliveros-Orosco, 942 F.2d at 646; United States v. Garcia, 909 F.2d at 1348
 
 
 [5]
 These include: exceptional circumstances why the issue was not raised below; a change in the law; an issue purely of law and involving no prejudice to the opposing party; and plain error resulting in an injustice. United States v. Flores-Payon, 942 F.2d at 558. Greiner's case does not fit within any of these exceptions