981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julian DELGADO, Defendant-Appellant.
 No. 92-55388.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julian Delgado, a federal prisoner, appeals pro se the district court's denial of his motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. The sentence was imposed following his conviction of aiding and abetting an unarmed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2(a).
 
 
 3
 Delgado contends that the district court erred by: (1) finding procedurally defaulted his claim that the district court improperly enhanced his sentence by three levels because of his codefendant's possession of a firearm during the robbery and (2) failing to find that he received ineffective assistance of counsel at sentencing.
 
 
 4
 We review de novo the district court's denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review for clear error any factual findings made by the district court in deciding the motion. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). We have jurisdiction pursuant to 28 U.S.C. § 2255 and we affirm.
 
 Procedural Default
 
 5
 A section 2255 movant who fails to raise claims at trial or on direct appeal may be barred from raising them in a section 2255 motion unless he can show both 1) cause excusing the procedural default, and 2) actual prejudice resulting from the errors of which he complains. United States v. Frady, 456 U.S. 152, 168 (1982); see also United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1471 (9th Cir.1988), cert. denied, 493 U.S. 809 (1989).
 
 
 6
 Here, according to the sentencing transcripts the sentencing judge never informed Delgado that he had a right to appeal his sentence within a specified time period. This may be sufficient to show cause for Delgado's failure to file a direct appeal, and meet the first prong of the Frady exception. Nevertheless, even if Delgado could show cause, he would fail the prejudice prong of the exception.
 
 
 7
 The Sentencing Guidelines provide that "[i]f a dangerous weapon (including a firearm) was brandished, displayed, or possessed [during the commission of a robbery]," the sentence is to be increased by three levels. U.S.S.G. § 2B3.1(b)(2)(C) (emphasis added). The Guidelines also require the sentencing judge to consider all acts and omissions that occurred during the commission of the offense. U.S.S.G. § 1B1.3(a)(1). The commentary to that section provides that in cases of "[c]riminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment (n. 1); see also United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir.1990) (codefendant's possession of gun warranted enhancement even though gun was hidden and it was not shown that defendant had actual knowledge of gun's presence).
 
 
 8
 Hence, it is irrelevant that Delgado had no actual knowledge of the gun. It was reasonably foreseeable that his codefendant would possess a gun during the execution of a bank robbery. See Garcia, 909 F.2d at 1350. Delgado's claim would have failed regardless of the sentencing judge's failure to instruct him on his right to appeal. Therefore, the district court properly dismissed his claim as procedurally defaulted.
 
 Evidentiary Hearing
 
 9
 Delgado also contends for the first time on appeal that the district court erred by not holding an evidentiary hearing to determine the merits of his ineffective assistance of counsel claim. He appears to contend that he was denied the effective assistance of counsel at his sentencing hearing because his attorney failed to prevent the three level enhancement and failed to file a direct appeal.
 
 
 10
 This court considers claims raised for the first time on appeal to be waived. See United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Therefore, we decline to address Delgado's ineffective assistance of counsel claim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3