990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador CASTENEDA-ABARCA, Defendant-Appellant.
 No. 88-3062.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Casteneda-Abarca appeals from his conviction and sentence, following a guilty plea, for possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Casteneda-Abarca contends his pre-Guidelines sentence of 15 years was imposed in violation of law because he pleaded guilty with the understanding that he would receive no more than ten years. He also appears to contend that he received ineffective assistance of counsel and that his sentence should have been reduced because he was entrapped by government agents. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Although we review de novo the legality of a sentence, a pre-Guidelines sentence imposed within statutory limits "is generally not reviewable unless there are constitutional concerns," United States v. Citro, 842 F.2d 1149, 1153 (9th Cir.), cert. denied, 488 U.S. 866 (1988), and is reviewed only for abuse of discretion, United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir.1989).
 
 
 4
 Casteneda-Abarca was originally charged with three counts of drug violations. He entered into a plea agreement, pursuant to which he agreed to plead guilty to a single count. In his plea offer, the prosecutor noted that the count of conviction carried a mandatory minimum term of 10 years incarceration and stated "I believe that your client would serve something slightly in excess of six years. You might want to discuss service of that sentence with someone in the probation office as I might not be computing it correctly."
 
 
 5
 Casteneda-Abarca then filed a petition to plead guilty to one count, in which he stated that he understood that the maximum penalty for the offense was life imprisonment and a $4,000,000 fine. At the change of plea hearing, the district court informed Casteneda-Abarca that his conviction would carry a minimum mandatory sentence of ten years, and stated: "You understand if I do sentence you to a sentence which is more severe than you think is justified, you will not be able to withdraw your guilty plea. If I accept [the plea,] you can't withdraw it; you understand that?"
 
 
 6
 At sentencing, the district court imposed a term of 15 years incarceration. Casteneda-Abarca did not move to withdraw his plea or otherwise argue that the sentence violated his plea agreement. After filing the instant appeal from this sentence, Casteneda-Abarca filed a motion for sentence reduction under the pre-November 1, 1987 version of Fed.R.Crim.P. 35(b). He did not contend that his sentence was illegal under Rule 35(a), but sought the court's leniency for several reasons.[1] The district court denied the Rule 35(b) motion.
 
 
 7
 On appeal from his sentence, Casteneda-Abarca contends that the reasons for leniency set forth in his motion under Rule 35(b) actually establish that his sentence was imposed in violation of law.
 
 A. Plea Agreement
 
 8
 "A [guilty] plea which is coerced or induced by illicit promises is involuntary and void." United States v. Zweber, 913 F.2d 705, 711 (9th Cir.1990). Nonetheless, as long as a defendant is aware of the maximum penalty he faces, the government's incorrect prediction about the likely sentence does not render a guilty plea involuntary. Id.; see also United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990) (erroneous sentence prediction by defense counsel did not render plea involuntary where record showed that defendant knew district court could sentence above the prediction). We will not consider on appeal a defendant's claim that he was sentenced in violation of a plea agreement where he has never raised this argument before the district court. United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991).
 
 
 9
 Casteneda-Abarca does not contend that he did not understand the maximum penalty, but argues that his plea was involuntary because he was entitled to rely on the prosecutor's representation that he would serve only six years. Nonetheless, he has never made this argument to the district court. Even in his post-sentencing Rule 35(b) motion, he argued only that he was entitled to leniency because he thought the government had "offered" him a lower sentence than the one he received. We decline to address his claim on appeal that the otherwise legal sentence was imposed in violation of his plea agreement. See Flores-Payon, 942 F.2d at 560. Further, Casteneda-Abarca was aware of his exposure to a sentence of ten years to life, and was not entitled to rely on counsel's prediction of a minimum sentence after the district court expressly informed him that he might receive a higher sentence. See Zweber, 913 F.2d at 711. The district court retained the discretion to sentence him above the government's prediction, see Garcia, 909 F.2d at 1348, and did not abuse its discretion by doing so.
 
 B. Ineffective Assistance
 
 10
 Generally, we will not review challenges to the effectiveness of defense counsel on direct appeal. The issue is more appropriately pursued in habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed. United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991). Such is the case here, as it is impossible to evaluate the merits of Casteneda-Abarca's counsel's advice without further information. Accordingly, we decline to consider this claim. See id.
 
 
 11
 None of Casteneda-Abarca's remaining contentions support a finding that the district court abused its discretion by sentencing him above the mandatory minimum. Accordingly, we will not disturb the sentence. See Citro, 842 F.2d at 1153-54.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Casteneda-Abarca's pro se request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Casteneda-Abarca moved the district court to reconsider and reduce his sentence because (1) he had formed the impression that the 15-year sentence was in some way related to death of one of his coconspirators, (2) his attorney had urged him to plead guilty for his defense, (3) he believed that the prosecutor had offered him a sentence of less than ten years' actual incarceration, (4) the indictment was false because he did not own the cocaine he admitted possessing, (5) a government agent had taken advantage of his financial circumstances and pressured him into acting as a middleman in the drug offense, and (6) his actual punishment will exceed the fifteen-year sentence because he will be deported upon release