16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tammy CUTWRIGHT, Victor Lamans Novene, Orlandus Bates,
Darren McKibben, Kevin Lamont Kennemore, and Dozie
McKee Melvin, III, Defendants-Appellants.
 Nos. 92-5854, 92-5887 to 92-5889, 92-5902 and 92-6177.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1994.
 
 Before: JONES and SILER, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Tammy Cutwright, Victor Lamans Novene, Orlandus Bates, Darren McKibben, Kevin Lamont Kennemore, and Dozie McKee Melvin, III, appeal their convictions and sentences on charges of possession with intent to distribute crack cocaine, attempted distribution of crack cocaine, and distribution of crack cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A); aiding and abetting the commission of various drug offenses, in violation of 18 U.S.C. Sec. 2; conspiracy to commit various drug offenses, in violation of 21 U.S.C. Sec. 846; use of a communications facility and aiding and abetting the use of a communications facility to commit various drug offenses, in violation of 21 U.S.C. Sec. 843(b); use of a person under eighteen years to distribute crack cocaine, in violation of 21 U.S.C. Secs. 845(b) and 861; use of firearms during the commission of drug offenses, in violation of 18 U.S.C. Sec. 924(c); travel in interstate commerce with intent to promote drug violations, in violation of 18 U.S.C. Sec. 1952(a); and operating a "crack house" and aiding and abetting in the operation of a "crack house," in violation of 21 U.S.C. Sec. 856(a). Novene also appeals his conviction on a charge of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. Sec. 848(b). We affirm for the following reasons.
 
 Background
 
 2
 In April, 1989, Novene started a crack-distribution ring operating in Chattanooga, Tennessee housing projects. Novene was arrested once in 1989 and quit working as a street dealer. However, between 1989 and 1990, Novene's ring expanded into other areas of Chattanooga. As it expanded, Novene used Cutwright's apartment as a base from which to oversee drug distribution activities and manufacture crack. During this time, Novene sent Melvin, McKibben, and others on weekly trips to Atlanta to obtain cocaine. McKibben and others also distributed drugs. By September 1990, the Novene ring was using several different residences to manufacture, package, and store crack cocaine.
 
 
 3
 In February 1991, agents began purchasing drugs from Novene's underlings and conducting surveillance. During May 1991, the Novene ring waged a turf battle with a rival dealer. As part of this battle, Novene and others engaged in a drive-by shooting. By June 1991, agents had infiltrated the Novene ring and purchased drugs from McKibben, Melvin, and Kennemore. On August 14, 1991, agents arranged a $25,000 purchase involving Novene, Bates, Melvin, McKibben, and Cutwright. Finally, on September 5, 1991, agents arranged an even larger purchase (forty ounces of crack) directly from Novene.
 
 Analysis
 
 4
 1. Evidence of Cutwright's "other acts."
 
 
 5
 Detective Searle testified that, prior to the conspiracy in this case, Cutwright attempted to aid and abet the transportation of cocaine from Los Angeles to Chattanooga by Darrel Frazier. Cutwright, Novene, and Melvin argue that the admission of this testimony violated Fed.R.Evid. 404(b), which proscribes the use of "other acts" evidence "to prove the character of a person in order to show that [s]he acted in conformity therewith." However, Rule 404(b) permits the introduction of such evidence as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, if " 'th[e] evidence is probative of a material issue other than character.' " United States v. Feinman, 930 F.2d 495, 499 (6th Cir.1991) (quoting Huddleston v. United States, 485 U.S. 681, 686 (1988)). Where evidence falls within an exception to 404(b), it may be admitted if its probative value is not substantially outweighed by the danger of unfair prejudice. See Fed.R.Evid. 403. This court reviews the underlying admissibility of other acts evidence under Rule 404(b) de novo and reviews the district judge's balancing of probative value and prejudicial impact under Fed.R.Evid. 403 for abuse of discretion. United States v. Fountain, 2 F.3d 656, 667 (6th Cir.), cert. denied, 114 S.Ct. 608 (1993).
 
 
 6
 The disputed evidence falls within an exception to 404(b) because Cutwright was charged with crimes requiring proof of knowledge and intent, United States v. Pearce, 912 F.2d 159, 161 (6th Cir.1990) (conviction for conspiracy to commit a drug offense under 21 U.S.C. Sec. 846 requires proof of knowledge and intent), cert. denied, 498 U.S. 1093 (1991); United States v. Onick, 889 F.2d 1425, 1431 n. 1 (5th Cir.1989) (conviction for operating a "crack house" under 21 U.S.C. Sec. 856 requires proof of knowledge and intent), and because the issue of Cutwright's knowledge and intent was "within the range of litigated matters in controversy." United States v. Dunn, 805 F.2d 1275, 1281 (6th Cir.1986). Furthermore, the district court did not abuse its discretion in balancing the probative value and prejudicial effect of the evidence of Cutwright's other acts. See United States v. Felix, 867 F.2d 1068, 1072 (8th Cir.1989) ("[E]vidence of similar prior drug activity is admissible in drug prosecution cases because a defendant's complicity in other similar transactions serves to establish intent."). Moreover, the district court minimized the prejudicial effect of the evidence by instructing the jury not to consider it as proof of the instant charges.
 
 
 7
 Cutwright disputes the foregoing conclusions by arguing that "knowledge had not been made an issue" at the time Searle offered his testimony. However,
 
 
 8
 it [wa]s clear to the district court that the jury [had to] make a determination on such questions as the existence of ... [knowledge or] intent ... in order to decide the case. When this is so, the existence of that fact is 'in issue' because it is an element of the offense that the government must prove.
 
 
 9
 United States v. Bakke, 942 F.2d 977, 983 (6th Cir.1991). Thus, Searle's testimony was admissible even if Cutwright had not previously "indicated a reliance on lack of [knowledge or] intent as a defense." Id. Alternatively, Cutwright's attorney placed the issue of knowledge and intent in controversy by suggesting, during opening argument, that she lacked mental culpability. Finally, Cutwright cites no authority for her assertion that the district court should have explicated its findings as to probative value and prejudicial effect with greater particularity.[1]
 
 
 10
 2. Novene's prior guilty plea.
 
 
 11
 Novene contends that the district court erred in admitting proof of his prior guilty plea to misdemeanor possession of crack cocaine. However, "a guilty plea is admissible in a subsequent collateral criminal trial as evidence of an admission by a party-opponent," United States v. Maestas, 941 F.2d 273, 278 (5th Cir.1991), cert. denied, 112 S.Ct. 909 (1992), where it is not made "under conditions that suggest ... untrustworthiness," Hancock v. Dodson, 958 F.2d 1367, 1371 (6th Cir.1992) (internal quotations omitted) (When a party enters "a guilty plea to a misdemeanor charge ..., such an out of court statement is not hearsay by virtue of FRE 801(d)(2)(A)."). Novene does not claim that his plea was made under conditions suggesting untrustworthiness. Thus, the district court did not err in admitting evidence of the plea.
 
 
 12
 Despite the foregoing, Novene argues that his plea was inadmissible under Fed.R.Evid. 404(b) and Fed.R.Evid. 403. However, the case Novene relies upon, United States v. Zelinka, 862 F.2d 92 (6th Cir.1988), dealt with the admissibility of "other acts" evidence in a drug conspiracy case where that evidence was gathered in an arrest that predated the defendant's involvement in the conspiracy. Novene's guilty plea, admitting possession of crack cocaine within the time frame of the indictment, is evidence of his participation in the instant conspiracy. See United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991). Therefore, Novene's plea bore on issues that were before the district court, so his case is unlike Zelinka. He also claims that the district court erroneously failed to give a limiting instruction after admitting his guilty plea. However, the evidence of Novene's plea was cumulative of Tito Clark's testimony indicating that Novene told Clark that he "had dope on him" and was therefore arrested. Thus, any such error was harmless. Fed.R.Crim.P. 52(a).
 
 
 13
 3. Enhancement under USSG Sec. 2D1.1(b)(1).
 
 
 14
 Cutwright, Bates, McKibben, and Melvin claim that the district court erred by enhancing their sentences under USSG Sec. 2D1.1(b)(1). Enhancement under Sec. 2D1.1(b)(1) is warranted if "firearm[s] w[ere] 'possessed' by ... member[s] of the [charged] conspiracy and ... possession was reasonably foreseeable" to the defendants. United States v. Sanchez, 928 F.2d 1450, 1459 (6th Cir.1991). The district court's determination as to "[w]hether conduct in furtherance of a conspiracy was reasonably foreseeable is ... reviewed for clear error." United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). The district court did not err in finding that it was reasonably foreseeable to Cutwright, Bates, McKibben, and Melvin that coconspirators possessed or would possess weapons to further the conspiracy.
 
 
 15
 Substantial evidence supports the district court's finding that it was reasonably foreseeable to Cutwright that coconspirators possessed or would possess weapons to further the conspiracy. Coconspirators used weapons to commit charged offenses while Cutwright was involved in the conspiracy. Moreover, Cutwright obtained rental cars and other equipment for coconspirators; at least one rental car was returned with bullet holes in it; Cutwright's landlord sought to evict her because of shooting in her residence; and Cutwright's residence had bullet holes in it. Cutwright claims that she withdrew from the conspiracy before any coconspirators used firearms. However, Cutwright has not shown that she ever withdrew from the conspiracy. See United States v. Chambers, 944 F.2d 1253, 1265, 1269 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 and 112 S.Ct. 1680 (1992) (burden of showing withdrawal lies on defendant). Cutwright also claims that she had nothing "to do with the firearms" and knew nothing "about their use." Nevertheless, enhancement under Sec. 2D1.1(b)(1) does not require possession of a firearm, United States v. Stevens, 985 F.2d 1175, 1188 (2d Cir.1993), and possession of firearms may be reasonably foreseeable despite lack of subjective knowledge concerning their use. Thus, Cutwright's arguments fail.
 
 
 16
 Substantial evidence supports the district court's finding that it was reasonably foreseeable to Bates that coconspirators possessed or would possess weapons to further the conspiracy. There were several instances in which, prior to Bates's involvement in the conspiracy, firearms were used in furtherance of the conspiracy. Bates claims that "there is no evidence that anyone ... possessed ... weapons" while he was involved in the conspiracy (during the August 14, 1991 drug transaction). However, this claim is insignificant because a coconspirator's past conduct may be reasonably foreseeable to defendants who demonstrate "a substantial degree of commitment to the conspiracy's objectives." United States v. Edwards, 945 F.2d 1387, 1393-94 (7th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992); United States v. Tisdale, 952 F.2d 934, 938 (6th Cir.1992) (The concept of reasonable foreseeability established in Pinkerton v. United States, 328 U.S. 640 (1946), "unquestionably applies to enhancement of base offense levels under U.S.S.G. Sec. 2D1.1(b)."); USSG Sec. 1B1.3, comment. (n. 1) (Conspirators are accountable for prior conduct that is reasonably foreseeable in connection with the criminal activity agreed to.). Bates therefore presents this court with no basis for reversal.
 
 
 17
 Substantial evidence supports the district court's finding that it was reasonably foreseeable to McKibben that coconspirators possessed or would possess weapons to further the conspiracy. Coconspirators used weapons to commit charged offenses while McKibben was involved in the conspiracy. Additionally, McKibben was present when Novene explained the presence of firearms at his residence, when police seized ammunition, bayonets, and gun cases from Novene's residence, and when Novene showed police various bullet holes. McKibben claims that "there was no evidence ... that [he] was in possession of a firearm and no evidence that he was with one of the co-conspirators when the co-conspirator had a gun." However, enhancement under Sec. 2D1.1(b)(1) does not require possession of a firearm, Stevens, 985 F.2d at 1188, or presence with a coconspirator who possesses a firearm, United States v. Nichols, 979 F.2d 402, 412 (6th Cir.1992), cert. granted in part, 114 S.Ct. 39 (1993). Therefore, McKibben's arguments lack merit.
 
 
 18
 Finally, substantial evidence supports the district court's finding that it was reasonably foreseeable to Melvin that coconspirators possessed or would possess weapons to further the conspiracy. Coconspirators used weapons to commit charged offenses while Melvin was involved in the conspiracy. Moreover, Melvin was present when Novene explained the presence of firearms at his residence and when police seized crack cocaine, pistols, and a shotgun from Novene's residence. Melvin claims that there is no evidence "that [he] possessed ... a firearm." However, enhancement under Sec. 2D1.1(b)(1) does not require possession of a firearm. Stevens, 985 F.2d at 1188. Therefore, like McKibben, Melvin does not present this court with a basis for reversal.
 
 
 19
 4. Other bases for reversal.
 
 
 20
 In addition to the arguments addressed above, each defendant asserts the existence of other errors. After carefully reviewing both the record below and the briefs of the parties, we conclude that these argument lack merit.
 
 Conclusion
 
 21
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 [1]
 Novene claims that the district court's instruction to the jury "did not relieve [him] of the unfair prejudice which the evidence [of Cutwright's other acts] brought against him." This claim is implausible because Novene does not specifically explain how this evidence prejudiced him and the district court admonished the jury not to consider the evidence "against any of the other defendants."