**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel GARCIA, Defendant–Appellant.**

**No. 89–10332.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 1990.

Decided July 31, 1990.

Lawrence Lincoln, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

John F. Garland, Fresno, Cal., for defendant-appellant.

Before CHOY and FLETCHER, Circuit Judges, and FITZGERALD,* District Judge.

CHOY, Circuit Judge:

Appellant Miguel Garcia, who pled guilty to conspiracy to distribute cocaine, appeals both the district court's refusal to allow him to withdraw his guilty plea, as well as the enhancement of his sentence under the United States Sentencing Commission

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

Guidelines Manual ("Guidelines"). We affirm.

## FACTS

On September 22, 1988 Garcia met with an undercover officer from the Drug Enforcement Agency in order to conclude the sale of approximately 17 kilograms of cocaine. Garcia arrived at that meeting seated in the right rear passenger seat of a car driven by co-defendant Juan Soto. When the undercover agent asked to see the cocaine, Soto opened the trunk of the car where the 17 kilograms of cocaine were stored. Garcia and another codefendant, Fernando Hernandez, were present when Soto opened the trunk. Garcia, Soto, and Hernandez were then arrested. On the day following Garcia's and his co-conspirators' arrests, agents searched Soto's car and found a loaded .38 caliber handgun under the front floormat next to the transmission tunnel by the driver's seat.

Garcia was charged in a two-count indictment with conspiracy to distribute cocaine, and with possession of cocaine with intent to distribute. Pursuant to a written plea agreement, he entered a plea to Count One of the indictment, admitting that from about August 26, 1988 through September 22, 1988 he conspired with Juan Soto and Fernando Hernandez to distribute approximately 20 kilograms of cocaine. In exchange for this plea, the government agreed to dismiss Count Two and recommend that Garcia receive credit for acceptance of responsibility under the Guidelines and that he be sentenced within the lower end of the applicable range. The parties did not attempt to calculate Garcia's sentence in the plea agreement, and he acknowledged in the agreement that he understood that the sentencing judge was free to impose the maximum penalty of life imprisonment and a $4,000,000 fine.

On the date set for sentencing, Garcia moved to withdraw his guilty plea on the ground that his counsel, since deceased, had miscalculated his guideline sentence. Garcia claimed that his lawyer had told him that if he pled guilty, he would serve no more than eight years. The lawyer also allegedly told Garcia that if he were convicted in a jury trial, he would be sentenced to thirty years. Garcia's motion to withdraw his guilty plea was denied.

He then filed an objection to the presentence report which recommended an upward adjustment in Garcia's offense level for possession of a weapon during the commission of a drug offense based on a co-conspirator's possession of a loaded .38 caliber pistol during the drug transaction. The court resolved this issue against Garcia and sentenced him to 235 months to be followed by a three-year term of supervised release.

Garcia raises two claims on this appeal. First, he contends that the court abused its discretion in refusing to allow withdrawal of his guilty plea. Second, he argues that enhancement of his sentence on the basis of Soto's possession of a gun was improper.

## I. *Withdrawal of Guilty Plea*

■ A district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any "fair and just reason." Fed.R.Crim.P. 32(d). A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Signori*, 844 F.2d 635, 637 (9th Cir.1988).

■ Garcia contends that the counsel who represented him at the time of his guilty plea erroneously predicted the sentence he could expect to receive. However, it is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989). The fact that defendant was sentenced under the Guidelines does not change that result. *United States v. Turner*, 881 F.2d 684, 686–87 (9th Cir. 1989). Moreover, the record indicates that Garcia's plea was knowing and voluntary and made with full understanding that the court was not bound by any sentencing agreement. Accordingly, the district court did not abuse its discretion in refusing to

allow withdrawal of defendant's guilty plea.

## II. *Section 2D1.1(b)(1) enhancement*

■ We review the district court's finding that the defendant possessed a firearm during the commission of a narcotics crime offense for clear error. *United States v. Gillock*, 886 F.2d 220, 222 (9th Cir.1989). Whether conduct in furtherance of a conspiracy was reasonably foreseeable is also reviewed for clear error. *United States v. Willis*, 899 F.2d 873, 874 (9th Cir.1990).

In arriving at Garcia's base offense level under the guidelines, the district court applied a two-level upward adjustment, pursuant to Guidelines section 2D1.1(b)(1), based on a co-conspirator's possession of a firearm at the time and place of the offense. Section 2D1.1(b)(1) calls for a two point increase in a defendant's base offense level "if a firearm or other dangerous weapon was possessed during commission of the offense." The district court applied this enhancement to Garcia through section 1B1.3(a)(1), which requires the sentencing judge to consider all acts and omissions that occurred during the commission of the offense. The commentary to that section provides that in cases of criminal conspiracy, a defendant is accountable for the conduct of others undertaken in furtherance of the conspiracy that was "reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment.(n.1).

■ The district court did not err in adjusting Garcia's sentence on the basis of co-conspirator Soto's possession of a weapon. Our first inquiry is whether the district court's finding that Soto possessed a firearm during the commission of the drug offense was clearly erroneous. It was not. The Guidelines' commentary provides that enhancement for weapon possession should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.3).

Garcia argues that it was clearly improbable that Soto's firearm was connected with the offense, since the firearm remained under the floormat in the vehicle when Soto exited to meet with the "buyer" of the cocaine. In *United States v. Heldberg*, 907 F.2d 91 (9th Cir.1990), this court considered whether it was clearly improbable that an unloaded gun in the locked trunk of a vehicle used for importing controlled substances was connected with the importation offense. Although the gun was not loaded and was not located on Heldberg's person, we found that the defendant had not demonstrated that the connection was "clearly improbable." Heldberg's revolver was "designed to be used to threaten, injure, or kill human beings," and was located in the vehicle he was using to commit the importation offense. *Id.* at 93; *see also Gillock*, 886 F.2d at 223 (section 2D1.1(b)(1) enhancement justified where weapon was located "in close proximity" to the illegal drugs) (quoting *United States v. Jones*, 875 F.2d 674, 676 (8th Cir.1989)). Here, despite the fact that Soto did not carry the gun with him when he exited the vehicle to open the car trunk, it was loaded and "in close proximity" to the drugs to be delivered. It was not error to conclude that Soto possessed the gun while committing the drug offense and that the connection between the gun and the offense was not clearly improbable. *See id.* at 223.

Our second inquiry is whether the district court's finding that Garcia reasonably should have foreseen Soto's possession of the gun was clearly erroneous. We believe it was not.

Under the Guidelines, a defendant convicted of conspiracy may be sentenced not only on the basis of his own conduct, but also on the basis of the "conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment. (n.1). Thus, this court has recently held that a defendant convicted of conspiracy to distribute cocaine may receive an upward adjustment for possession of a firearm even though the gun was in the possession of a co-conspirator. *Willis*, 899 F.2d at 875. In *Willis*, a wife's sentence was enhanced on the basis of her husband's possession of a gun.

In that case, the court noted that there was evidence indicating that the husband's gun was visible, and thus it was reasonable to infer that the wife had actual knowledge of its possession. In addition, the court noted that where the co-conspirators are few in number and know each other well, the court may infer that each participant knew the others' "methods of operation." *Id.* (quoting *United States v. Douglass,* 780 F.2d 1472, 1476 (9th Cir.1986)).

◼ Here, it does not appear from the record that Garcia had actual knowledge of Soto's possession of the gun, which was hidden under the floormat. Nor can we tell from the record how well Garcia and Soto knew each other. However, the drug transaction involved approximately 17 kilograms of cocaine, and the negotiations leading up to the sale lasted nearly one month. Garcia should reasonably have foreseen that Soto would possess a gun during the execution of such a major drug sale. While this court has "stop(ped) short of holding that there is a presumption as to the presence of a firearm in illicit narcotics transactions," *id.,* we have noted that "trafficking in narcotics is very often related to the carrying and use of firearms." *United States v. Ramos,* 861 F.2d 228, 231 n. 3 (9th Cir.1988). In light of the large amount of drugs involved in this case,

Soto's possession of the gun was reasonably foreseeable.[1]

Thus, the district court was not clearly erroneous in attributing Soto's possession of the gun to Garcia. The enhancement of his sentence was therefore appropriate.

AFFIRMED.

---

1. We decline to follow the test adopted by the Eleventh Circuit in *United States v. Otero,* 890 F.2d 366 (11th Cir.1989), to determine when sentence enhancement for a co-conspirator's firearms possession is proper. In *Otero,* the Eleventh Circuit established a three-part test. First, the possessor must be charged as a co-conspirator; second, the co-conspirator must be found to have been possessing a firearm in furtherance of the conspiracy; and third, the defendant who is to receive the enhanced sentence must have been a member of the conspiracy at the time of the firearms possession.

We do not adopt this formulation for two reasons. First, to the extent that the Eleventh Circuit test dispenses with the requirement of reasonable foreseeability, it relies on an erroneous interpretation of *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The Supreme Court in *Pinkerton* indicated that liability for the substantive offense of a co-conspirator should not be found if the offense "was merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the unlaw-

ful agreement." *Id.* at 648, 66 S.Ct. at 1184; *see also United States v. Monroe,* 552 F.2d 860, 864 (9th Cir.1977) (quoting *Pinkerton* ). The Eleventh Circuit's opinion does not consider or even mention this reasonable foreseeability requirement.

More important, in relying on *Pinkerton* liability, the Eleventh Circuit's opinion in *Otero* ignores the fact that co-conspirator liability for the purpose of sentence enhancement has been dealt with explicitly in the Guidelines. Specifically, the commentary to § 1B1.3(a)(1) provides that, "(w)here it is established that the conduct was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake, such conduct is not included in establishing the defendant's offense level under this guideline." U.S.S.G. § 1B1.3, comment. (n.1). Thus, where an act is not within the scope of the defendant's agreement, the Guidelines' commentary makes clear that reasonable foreseeability is a prerequisite to sentence enhancement on the basis of acts of a co-conspirator.