963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Virginia C. LANGE, Lisa R. Kline, Joshua M. Silver,
Defendants-Appellants.
 Nos. 90-30359, 90-30360 and 90-30389.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1992.
Decided May 14, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these consolidated cases, Virginia Lange, Lisa Kline, and Joshua Silver appeal from the district court order affirming the judgments against them for failing to comply with the lawful direction of Federal Protective Service ("FPS") Officers.[1] They argue that the district court erred by denying their motions to be tried in absentia, to withdraw their pleas and to be tried by a jury. They further argue that the evidence was insufficient to support a guilty verdict. Finally, counsel for appellants, John Thorne, appeals the district court's order denying his request for attorney's fees. We reject these arguments and affirm the judgment of the district court.
 
 BACKGROUND
 
 3
 Lange, Kline and Silver participated in a demonstration at the Federal Building in Olympia, Washington, protesting U.S. involvement in El Salvador. The demonstrators blocked the steps leading to the entrance of the building. FPS Officers asked the demonstrators to clear the steps. When the demonstrators failed to comply with the officers' requests, they were arrested. More than twenty people were arrested, most by the Olympia Police. Kline and Lange were arrested by FPS Officers. Silver was among those arrested by Olympia Police.
 
 
 4
 Before trial, Kline and Silver pled nolo contendere and were sentenced. After the bench trial in front of a Magistrate, those defendants who were arrested by the Olympia Police were discharged because the Olympia Police lacked authority on Federal land. Lange, who was arrested by FPS Officers, was found guilty.
 
 DISCUSSION
 I. Trial in Absentia
 
 5
 Kline and Silver argue that the district court abused its discretion by denying their motion for trial in absentia.
 
 
 6
 Fed.R.Crim.P. 43(c)(2) states that the court may permit the defendant's absence in trials for misdemeanor or petty offenses. The language of this statute is discretionary. Kline and Silver cite no authority in support of their argument. Accordingly, we find that the district court did not abuse its discretion in denying their motion for trial in absentia.
 
 II. Withdrawal of Plea
 
 7
 Silver argues that the district court abused its discretion by denying his motion to withdraw his nolo contendere plea. His appeal appears to be based on the fact that, had he gone to trial, he would have been found innocent. We review a district court's decision to deny a motion to withdraw a plea for abuse of discretion. United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990).
 
 
 8
 A court will grant a motion to withdraw a plea of guilty or nolo contendere after sentencing when there is " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " Fed.R.CrimP. 32(d) advisory committee's note, 1983 amend. (quoting Hill v. United States, 368 U.S. 424 (1962)).
 
 
 9
 Silver's motion to withdraw his plea was made after he was sentenced. He raises no evidence to indicate a fundamental miscarriage of justice. There is no indication that his plea was not given voluntarily and knowingly. The record shows that he made a reasoned choice based on personal economic considerations. We conclude that the district court did not abuse its discretion.
 
 III. Trial by Jury
 
 10
 Lange argues that the district court abused its discretion by denying the defendants' motion for a jury trial. The right to a jury trial is reviewed de novo. United States v. Stansell, 847 F.2d 609, 611 (9th Cir.1988).
 
 
 11
 Defendants charged with petty offenses are not entitled to jury trials. Stansell, 847 F.2d at 611. Lange was charged with violating 41 C.F.R. § 101-20.304. This is a petty offense. 18 U.S.C. § 19; Stansell, 847 F.2d at 611-12. Accordingly, we find that she was not entitled to a jury trial.
 
 IV. Sufficiency of the Evidence
 
 12
 Lange argues that the evidence was insufficient to support her conviction. Evidence is sufficient to support a finding of guilt if, when viewed in the light most favorable to the government, any rational trier of fact could find the requisite elements of the crime beyond a reasonable doubt. United States v. Mayberry, 913 F.2d 719, 721 (9th Cir.1990). This standard applies to both bench and jury trials. Id.
 
 
 13
 The evidence in this case shows that the demonstrators blocked the steps leading to the entrance of the Federal building. Further, the demonstrators failed to comply with requests by the FPS Officers to clear the stairway. A rational trier of fact could find, beyond a reasonable doubt, that the demonstrators failed to comply with the lawful direction of a Federal Officer.
 
 
 14
 The fact that constitutional rights are implicated does not alter our conclusion. The First Amendment does not give demonstrators the right to block an entrance to a public building. Cox. v. Louisiana, 379 U.S. 536, 554-55 (1965); Stansell, 847 F.2d at 611 n. 1.
 
 VII. Attorney Compensation
 
 15
 John Thorne, counsel for Lange, Kline, and Silver argues that the district court erred by denying his request for compensation. Thorne's arguments are without merit.
 
 
 16
 Thorne is not a Federal Public Defender nor is he a member of the panel of attorney's approved to represent indigent defendants. Mr. Thorne voluntarily agreed to represent the defendants in this case knowing that there was no obligation by the government to pay his fees. The district court did not abuse its discretion.
 
 CONCLUSION
 
 17
 The judgments of the district court are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 41 C.F.R. 101-20.304