977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonny Eugene HADLEY, Defendant-Appellant.
 No. 91-10198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lonny Eugene Hadley appeals his sentence under the United States Sentencing Guidelines ("Guidelines"), following a guilty plea, for possession with intent to distribute methamphetamine, and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Hadley contends that the district court erred by considering the manufacture of additional methamphetamine as relevant conduct pursuant to U.S.S.G. § 1B1.3. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the legality of a sentence. United States v. Fine, No. 90-50280, slip op. 11067, 11073 (9th Cir. September 14, 1992) (en banc). "Whether conduct extraneous to an offense of conviction is part of the same 'course of conduct' or 'common scheme or plan' as the offense of conviction so as to be considered 'relevant conduct' within the meaning of the Guidelines § 1B1.3(a)(2), is reviewed for clear error." United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 
 4
 The Guidelines allow a defendant convicted of aiding and abetting to "be sentenced not only on the basis of his own conduct, but also on the basis of the 'conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.' " United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990) (quoting U.S.S.G. § 1B1.3, comment. (n. 1)).
 
 
 5
 Here, Hadley and co-defendant Mundy were both charged with conspiracy to manufacture, distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count I), and possession with intent to distribute methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count II). Pursuant to a negotiated plea agreement, Hadley pled guilty to count II, and the government agreed to dismiss count I and recommend a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.
 
 
 6
 According to the presentence report ("PSR"), a confidential informant ("CI") contacted Mundy, who was involved in the manufacture of methamphetamine, about trading ephedrine for methamphetamine.[1] Mundy needed to acquire methamphetamine in order to make the trade. Hadley stated that Mundy asked him for money to purchase methamphetamine. Hadley did not have any money, but he was able to call a friend who provided him with one pound of methamphetamine, which Hadley diluted with one pound of vitablend to produce two pounds. Due to his mistrust of Mundy, Hadley personally traded the two pounds of methamphetamine for 181 pounds of ephedrine with the CI. Mundy had planned to sell the ephedrine to another individual, who manufactured methamphetamine, and pay Hadley $15,000 dollars.
 
 
 7
 In calculating the offense level, the probation officer determined that Hadley, by trading two pounds of methamphetamine for 181 pounds of ephedrine, conspired to manufacture additional methamphetamine. The probation officer based his conclusion on law enforcement surveillance which indicated that Hadley utilized a storage locker, rented by Mundy, which contained laboratory equipment capable of producing methamphetamine. In addition, Hadley informed the probation officer that "Mundy was supposed to sell the [e]phedrine to an individual unknown to ... [him] for the purpose of manufacturing methamphetamine." PSR at 4. Based on an adjusted offense level of 36 and criminal history category of III, Hadley's sentencing range was 235 to 293 months. See U.S.S.G. § 5A.[2] At sentencing, the district court expressly adopted the findings of the PSR and sentenced Hadley to a term of 235 months imprisonment.
 
 
 8
 Based on Hadley's utilization of the Mundy's storage locker, which contained drug-manufacturing paraphernalia, and his own incriminating statement, the district court did not clearly err by finding that Hadley conspired to manufacture additional methamphetamine. See U.S.S.G. § 1B1.3; see also Garcia, 909 F.2d at 1350. Therefore, the district court properly enhanced Hadley's sentence.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ephedrine is the primary precursor chemical for the manufacture of methamphetamine
 
 
 [2]
 Without the relevant conduct enhancement for ephedrine, Hadley's base offense level would have been 30. He received a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Thus, based on an adjusted offense level of 28 and criminal history category of III, Hadley's sentencing range would have been 97 to 121 months