983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto SERRANO-CONTRERAS, Defendant-Appellant.
 No. 91-30362.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 30, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Serrano-Contreras appeals his sentence imposed following entry of a guilty plea to conspiracy to possess with intent to distribute and distribution of heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Serrano-Contreras contends the district court erred by (1) finding that between five and fifteen kilograms of cocaine were attributable to him for purposes of establishing the applicable base offense level under United States Sentencing Guidelines, and (2) adjusting upward by two levels his offense level for possession of a firearm during commission of the instant offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Drug Quantity
 
 
 4
 We review de novo the district court's application of the Guidelines relating to drug quantity, but for clear error the district court's underlying factual determinations. United States v. Aichele, 941 F.2d 761, 766 (9th Cir.1991). "Credibility determinations, however, are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034 and 489 U.S. 1029 (1989).
 
 
 5
 A base offense level of 32 is assigned a defendant who participates in an offense in violation of 21 U.S.C. § 841(a)(1) involving between 5 and 15 kilograms of cocaine. U.S.S.G. § 2D1.1. If the offense involved between 3.5 and 5 kilos of cocaine, the base offense level is 30. U.S.S.G. § 2D1.1. Where the amount of drugs seized does not reflect the scale of the offense, the district court may approximate the quantity of drugs involved by reference to the price generally obtained for the particular controlled substance involved. U.S.S.G. § 2D1.4, comment. (n. 2). A defendant convicted of conspiracy may be sentenced based on the reasonably foreseeable conduct undertaken by coconspirators in furtherance of the conspiracy. U.S.S.G. § 1B1.3, comment. (n. 1); see also United States v. Sanchez, 967 F.2d 1383, 1385 (9th Cir.1992).
 
 
 6
 Here, Serrano-Contreras and Noe Madrid, a codefendant, were arrested approximately ten minutes after showing a confidential informant one kilo of cocaine stowed in the hood of a white car parked outside Madrid's house. Following the arrest, police officers discovered 4.6 kilos of cocaine and two handguns inside Madrid's house and seized $22,000.00 in cash found hidden inside the white car. $22,000.00 was the per-kilo price quoted by the conspirators for purchase of multi-kilo amounts of cocaine. Search warrants executed at various sites implicated in the investigation of the conspiracy netted a further 13.5 kilos of cocaine, 500 grams of heroin, $97,000.00 in cash, and 20-25 miscellaneous weapons. At sentencing, the district court was also aware that a confidential informant had reported that he was shown six and one-half kilos of cocaine by Serrano-Contreras and others and that Serrano-Contreras told the confidential informant that he and Madrid had transported eighteen kilos of cocaine from California to Oregon. The district court specifically found that Serrano-Contreras' version of events as presented at sentencing was not credible.
 
 
 7
 All parties agree that Serrano-Contreras was a late entrant into the conspiracy. In light of the fact that Serrano-Contreras admits that he personally transported four and one-half kilos of cocaine from California to Oregon, however, it was certainly reasonably foreseeable to him that others involved in the conspiracy might also be in possession of cocaine for sale. See Sanchez, 967 F.2d at 1385. In addition, the $22,000 found in the white car at the time of arrest is reasonably approximated to one kilogram of cocaine based on the conspirators' own quoted price for cocaine. See U.S.S.G. § 2D1.4, comment. (n. 2). Therefore, the district court did not clearly err by finding that Serrano-Contreras possessed between five and fifteen kilograms of cocaine for purposes of establishing his offense level under U.S.S.G. § 2D1.1. See Aichele, 941 F.2d at 766.
 
 II
 Possession of a Firearm
 
 8
 We review for clear error the district court's determination that a defendant possessed a firearm during the commission of a narcotics offense. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 9
 The Guidelines authorize a two-level upward adjustment in a defendant's offense level if he possessed a firearm during the commission of a narcotics trafficking offense. U.S.S.G. § 2D1.1(b)(1). "[W]hen one conspirator possesses a firearm in furtherance of the conspiracy, it may be appropriate to enhance the offense levels of the co-conspirators even if the gun is not actually used and they were not aware of its presence" if "the co-conspirators reasonably should have foreseen that one of their number would possess a gun." United States v. Vargas, 933 F.2d 701, 710 (9th Cir.1991).
 
 
 10
 Here, Serrano-Contreras was staying in the house where the guns were found and was a participant in a conspiracy to possess with intent to distribute large quantities of cocaine and lesser quantities of heroin. Accordingly, the district court did not clearly err by finding that Serrano-Contreras was subject to the two-level enhancement under section 2D1.1(b)(1) for possession of a weapon during the commission of a narcotics offense. See Garcia, 909 F.2d at 1350.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3