28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul Flores MEDINA, Defendant-Appellant.
 No. 93-50811.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 21, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Raul Flores Medina appeals his 168-month sentence imposed following entry of a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Medina contends the district court erred by adjusting upward his base offense level pursuant to U.S.S.G. Sec. 2D1.1(b)(1) based upon the firearm possessed by his coconspirator during the offense. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Under section 2D1.1(b)(1), a two-level upward adjustment in offense level is authorized if a firearm is possessed during the commission of a narcotics offense. United States v. Vargas, 933 F.2d 701, 710 (9th Cir.1991). In conspiracy cases, the adjustment may be applied to a defendant not actually aware of the presence of the weapon so long as that defendant reasonably should have foreseen that one of the coconspirators would possess a gun. Id.; United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 4
 We review for clear error the district court's finding that Medina reasonably should have foreseen that a coconspirator would possess a firearm during the commission of the instant narcotics offense. See Garcia, 909 F.2d at 1349.
 
 
 5
 The record reveals that Medina was the organizer of the instant narcotics conspiracy. Although in the end, Medina managed only to deliver 6 kilograms of cocaine, the original object of the transaction was a 20-kilogram transaction. While the transaction was proceeding, Medina offered to make up the shortfall the following day from a supply he had access to. Medina personally instructed each of his coconspirators as to their part in the transaction, apparently assigning Joel Martin a role as the protector of the cocaine. When arrested immediately following the transaction, Martin was in possession of a semi-automatic handgun.
 
 
 6
 As we have noted before, " 'trafficking in narcotics is very often related to the carrying and use of firearms.' " United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990) (quoting United States v. Ramos, 861 F.2d 228, 231 n. 3 (9th Cir.1988)). Where, as here, the object of the conspiracy was the transfer of large amounts of narcotics, we have no trouble concluding that a person in charge of a large cocaine transaction reasonably might have foreseen his coconspirator's possession of a firearm. See Garcia, 909 F.2d at 1350. Therefore, the district court did not clearly err by attributing Martin's possession of the gun to Medina and enhancing Medina's sentence on that basis. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Medina's request for oral argument is denied
 
 
 **
 The Honorable Pamela Ann Rymer, United States Circuit Judge, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3