97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Oscar RODRIGUEZ, Defendant-Appellant.
 No. 95-56609.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Jose Oscar Rodriguez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 135-month sentence imposed following his guilty plea conviction for conspiring to possess with the intent to distribute two kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Rodriguez contends that the district court erred by: (1) imposing a two-level increase for firearm possession; (2) imposing a two-level increase for reckless endangerment; and (3) relying on an uncounseled prior conviction in calculating his criminal history category. He also contends that trial and appellate counsel were ineffective for failing to raise these sentencing issues. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 Rodriguez contends that the district court erred by imposing a two-level increase in his offense level for possessing a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). This contention lacks merit.
 
 
 4
 U.S.S.G. § 2D1.1(b)(1) provides for a two-point increase in a defendant's base offense level for possession of a firearm or other dangerous weapon. "The adjustment should be applied if the weapon was present, unless it was clearly improbable that the weapon was connected with the offense." See U.S.S.G. § 2D1.1(b)(1), comment n. 3 (1990). U.S.S.G. § 1B1.3(a)(1) provides that, in cases of joint criminal activity, a defendant is accountable for the conduct of others that is in furtherance of the jointly undertaken activity and was reasonably foreseeable in connection with that activity. See U.S.S.G. § 2D1.1(b)(1); 1B1.3(a)(1), comment n. 1.; 1B1.3(a)(2) (1990); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 5
 Here, Rodriguez was directly involved in a major drug sale during which three co-conspirators were armed. Rodriguez arrived at the drug sale location almost simultaneously with the three gun men in a car owned by one of the gunmen. Under these circumstances, the district court did not err by imposing the firearm enhancement. See United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990) (defendant should have reasonably foreseen that co-defendant would possess firearm during a large cocaine transaction).[1]
 
 
 6
 Rodriguez next contends the district court erred by imposing a two-level increase for reckless endangerment pursuant to U.S.S.G. § 3C1.2. This contention also lacks merit.
 
 
 7
 Under U.S.S.G. § 3C1.2, the district court is authorized to adjust the offense level upward by two levels "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." See U.S.S.G. § 3C1.2; United States v. Luna, 21 F.3d 874, 883 (9th Cir.1994).
 
 
 8
 Here, Rodriguez drove the getaway car on a several mile high-speed chase during which he ran several stop lights, entered oncoming traffic, and nearly struck an unmarked police car. See Luna, 21 F.3d 874, 885 (9th Cir.1994). He and his accomplice then jumped from the car while it was still moving causing the car to crash into an apartment building. See id. Accordingly, the district court did not err by imposing the section 3C1.2 enhancement. Id.
 
 
 9
 Rodriguez contends that the district court erred by placing him in criminal history category III, because his prior conviction was obtained without the benefit of counsel. In rejecting Rodriguez's challenges to his criminal history category, the district court explicitly stated that even if Rodriguez were in criminal history category II, she would select the exact same sentence. Accordingly, the district court properly denied section 2255 relief on this claim.
 
 
 10
 Finally, Rodriguez's contention that appellate counsel was ineffective for failing to appeal the above sentencing issues, lacks merit.[2] Given our disposition of these contentions, Rodriguez cannot establish prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rodriguez's reliance on Bailey v. United States, 116 S.Ct. 501 (1995), is misplaced. In holding that mere possession was insufficient to satisfy the "use" prong of 18 U.S.C. § 924(c)(1), the Bailey court noted that U.S.S.G. § 2D1.1(b)(1) explicitly authorizes an enhancement for gun possession during drug trafficking. Id. at 509
 
 
 [2]
 Because trial counsel raised all three sentencing issues prior to and during the sentencing proceedings, we only address Rodriguez's ineffectiveness claim with regard to appellate counsel