104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto ARROLLO-ARIOLA, Defendant-Appellant.
 No. 96-30137.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernesto Arrollo-Ariola appeals his sentence imposed following his guilty plea to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Arrollo-Ariola contends that the district court erred by enhancing his base offense level for: (1) possessing a firearm during the offense; and (2) being a leader or organizer of the offense. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's factual finding that Arrollo-Ariola possessed a gun and was a leader or organizer, United States v. Fagan, 996 F.2d 1009, 1016 (9th Cir.1993); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990), and affirm.
 
 
 3
 Arrollo-Ariola contends that the district court erroneously enhanced his base offense level under U.S.S.G. § 2D1.1(b)(1), because he did not intend to use the gun to protect his drugs or himself during the offense. We disagree.
 
 
 4
 U.S.S.G. § 2D1.1(b)(1) requires the sentencing judge to increase a defendant's base offense level by two points if he possessed a firearm or dangerous weapon during the offense, "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) (1995); U.S.S.G. § 2D1.1, backg'd; Garcia, 909 F.2d at 1349.
 
 
 5
 Here, Arrollo-Ariola was arrested after selling approximately two and one-half pounds of methamphetamine to an undercover police officer. Following the arrest, police officers searched Arrollo-Ariola's car and discovered $4,000 and a .38 caliber revolver. Arrolla-Ariola argues that the gun was in his car was because his sister would not permit him to store it in her house. Arrollo-Ariola also claims that he forgot the gun was in the car. Because the gun was located in the vehicle used to commit the offense, and because his explanation for the gun's presence does not satisfy the "clearly improbable" standard of § 2D1.1(b)(1), the district court did not clearly err by enhancing Arrollo-Ariola's base offense level. See Garcia, 909 F.2d at 1349.
 
 
 6
 Arrollo-Ariola also contends that he was not the leader or organizer of the offense. We disagree.
 
 
 7
 U.S.S.G. § 3B1.1(c) requires the sentencing judge to increase a defendant's base offense level by two points if he was a leader, organizer, or supervisor of the criminal activity. U.S.S.G. § 3B1.1(c) (1995); United States v. Mares-Molina, 913 F.2d 770, 772 n. 1 (9th Cir.1990). The government bears the burden of proof by a preponderance of the evidence. Mares-Molina, 913 F.2d at 773. An increase under U.S.S.G. § 3B1.1(c) is appropriate if there is evidence that "the defendant exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime." Id.
 
 
 8
 Here, Arrollo-Ariola claims that he was a contact person, not a supplier or solicitor. Arrollo-Ariola also claims that using a cellular telephone and negotiating quantity and price of the drugs does not make him a leader or organizer. Nevertheless, the record indicates that Arrollo-Ariola exercised control over the couriers, because he ordered them to do various things throughout the drug transactions, including transport drugs to the meeting places. In light of the evidence, the district court did not clearly err by finding that Arrollo-Ariola was a "leader, organizer, or supervisor" under U.S.S.G. § 3B1.1(c). See Fagan, 996 F.2d at 1016-17; Mares-Molina, 913 F.2d at 772 n. 1.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3