142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John NOBLE, Defendant-Appellant.
 No. 97-50220.
DC No. CR-96-00966-WDK.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 10, 1998.
Decided April 23, 1998.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding.
 Before GOODWIN, SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Noble appeals his sentence for aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2(a). He contends the district court erred in applying a seven-level sentencing enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(A) for the conduct of Noble's accomplices in discharging a weapon.
 
 
 3
 Guideline § 2B3.1 provides for a seven-level sentence enhancement for robbery "[i]f a firearm was discharged." U.S.S.G. § 2B3.1(b)(2)(A). In applying such a specific offense characteristic to Noble, the court must consider "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken activity that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(B).
 
 
 4
 Noble first argues that the district court failed to consider whether the firearm was discharged in furtherance of the bank robbery. The government contended at sentencing that no such "in furtherance" requirement existed but now concedes error in light of Guideline 1B1.3. The district court held that, assuming such a requirement exists, the robbers discharged their firearm in furtherance of the robbery. Noting the evidence of injury to the robbers, the district court directed the prosecutor to assume that the discharge was accidental.
 
 
 5
 THE COURT: [w]ould that still be consistent with the Guidelines?
 
 
 6
 MR. CHENG: I think it is, your honor, because we're not talking about a gun that was discharged with absolutely no relationship at all to the robbery.
 
 
 7
 THE COURT: In other words, it's not while they [are] removed from the crime scene, equipping themselves, and somebody who doesn't know anything about handguns discharges it.
 
 
 8
 MR. CHENG: Exactly.
 
 
 9
 THE COURT: That wouldn't be in furtherance. But if you're at the robbery scene, and you're out of the van, and you are in the process of gearing up to go into that bank, and you are basically intimidating witnesses, which there was absolute testimony to that--in that regard, and I do so find, and in the process thereof, you accidentally discharge, is that within the contemplation of this Guideline? The answer is it's got to be.
 
 
 10
 This interchange constitutes a finding that the gun was discharged in furtherance of the robbery.
 
 
 11
 Noble next argues that the evidence cannot support a finding that the gunshot was in furtherance of the robbery because witness Thomson did not state that the gun was fired while the robbers were attempting to intimidate him. Rather, he reported that the gun was fired while the driver was still inside the van.
 
 
 12
 Noble ignores the statements of other witnesses who reported that the shot was fired after or while the robbers jumped out of the van. Two witnesses stated that they fled the scene because they thought the robbers were shooting at them. One witness said that she saw a bystander lying on the ground, presumably to avoid bullets, immediately after the shot was fired. This evidence is sufficient to support the district court's finding that the shot was fired while the robbers were attempting to intimidate bystanders. Although the robber himself was injured, this does not preclude the court's finding that the gun was fired with the intention of intimidating others.
 
 
 13
 Noble also challenges the district court's finding that the discharge of a firearm was foreseeable. He argues that the district court ran afoul of United States v. Zelaya, 114 F.3d 869 (9th Cir.1997), by basing its finding on observations about bank robberies in general rather than the particular facts and circumstances of this robbery. However, the court's findings were properly based on the individualized facts of this case. The court noted that Noble was promised $30,000-40,000 for his role as getaway driver and that the robbery would presumably involve much more money. The robbers targeted a bank in a busy commercial center with security. The bank was just opening at the time of the robbery and the area was busy with pedestrian and automobile traffic. There were a large number of people in the bank compared to the small number of defendants. The government pointed to the mode of planning for this robbery, where the defendants used several different vehicles for arrival and getaway. See United States v. Garcia, 909 F.2d 1346 (9th Cir.1990) (use of a firearm is foreseeable in a drug transaction that involves extensive preparation and a large quantity of drugs).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3