## UNITED STATES of America, Plaintiff–Appellee,

v.

## Sammy CHEUNG, aka Bobby Cheung, Defendant–Appellant.

No. 00–50324.

D.C. No. CR–99–00138–AHM–06.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2001.

Decided May 21, 2001.

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

## MEMORANDUM *

The district court did not clearly err in determining that Sammy Cheung was an organizer or leader of a criminal activity involving five or more participants, that the prostitution offense involved the use of coercion, and that the prostitution offense involved victims who were fourteen and sixteen years of age at the time of the offense. Accordingly, Cheung's sentence was properly enhanced pursuant to Sentencing Guidelines §§ 3B1.1(a), 2G1.1(b)(1) and 2G1.1(b)(2).[1]

The district court did not abuse its discretion by denying Cheung's motion to withdraw his guilty plea. Cheung initially asserted a number of reasons for withdrawing his plea, alleging various transgressions by his former counsel. The district court conducted a hearing and found Cheung's counsel credible in his denial of the allegations and expressed grave doubts about the veracity of Cheung's allegations. Moreover, at the hearing, Cheung con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Cheung's sentence was not affected by the offense calculation as to the counts for smuggling and harboring illegal aliens, his argument regarding the application of Sentencing Guidelines § 2L1.1(b)(5) & (6) is moot.

ceded that the only reason he sought to withdraw his plea was because the recommended sentence was higher than he had expected, which cannot suffice as a "fair and just" reason to withdraw the guilty plea. *United States v. Garcia,* 909 F.2d 1346, 1348 (9th Cir.1990).

AFFIRMED.