**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose NUNEZ–ROSAS, Defendant–
Appellant.**

No. 02–30341.

D.C. No. CR–01–30101–HO.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 12, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM \*\*

Jose Nunez–Rosas appeals his conviction and 70–month sentence imposed following his guilty plea to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Nunez–Rosas contends that the district court erred by imposing a two-level enhancement to his base offense level for possession of a firearm pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1). Reviewing for clear error, we conclude that the district court's finding that the co-defendant's possession of the firearm was foreseeable was not erroneous. *See United States v. Garcia,* 909 F.2d 1346, 1349–50 (9th Cir.1990). Consequently, the district court properly refused to grant a two-level "safety valve" reduction pursuant to U.S.S.G. § 2D1.1(b)(6). *See* U.S.S.G. § 5C1.2 (a)(2).

Nunez–Rosas also contends that the district court erred by denying him a two-level reduction for his minor role in the offense pursuant to U.S.S.G. § 3B1.2. After reviewing the record, we conclude that the district court's finding that Nunez–Rosas failed to prove by a preponderance of the evidence that he qualified for a minor role adjustment was not clearly erroneous. *See United States v. Ladum,* 141 F.3d 1328, 1348 (9th Cir.1998).

AFFIRMED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.