*679 MEMORANDUM **
Francisco Medina Castaneda appeals from the 262-month sentence imposed following this court’s remand for resentencing after his jury-trial conviction for offenses related to a conspiracy to distribute and possess cocaine and cocaine base. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Castaneda contends that the district court’s failure to find facts supporting his sentence enhancements beyond a reasonable doubt violated due process, the doctrine of constitutional avoidance, and the Sixth Amendment. This contention lacks merit. See Harris v. United States, 536 U.S. 545, 555-56, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002); United States v. Kilby, 443 F.3d 1135, 1140 (9th Cir.2006); United States v. Buckland, 289 F.3d 558, 564-65 (9th Cir.2002) (en banc).
Castaneda next contends that insufficient evidence supports the enhancements imposed pursuant to U.S.S.G. §§ 2Dl.l(b)(l) and 3Bl.l(c). The district court did not clearly err by applying the enhancements. See United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir.1990); see also United States v. Maldonado, 215 F.3d 1046, 1050-51 (9th Cir.2000).
Finally, Castaneda contends that his sentence is unreasonable because it is greater than necessaiy to comply with the purpose of the 18 U.S.C. § 3553(a) factors and because the district court misunderstood its discretion in imposing the sentence. The district court did not procedurally err and Castaneda’s sentence is not substantively unreasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-601, 169 L.Ed.2d 445 (2007); United States v. Carty, 520 F.3d 984, 990-93 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.