MEMORANDUM ***
On appeal, Frias-Cobos claims that the trial court (1) violated his constitutional right (under the Confrontation Clause) by failing to allow him to cross-examine a cooperating co-conspirator; (2) erred by allowing the government to admit written stipulations after the government rested its case, but before closing argument or jury instruction; (3) wrongfully applied a two-level enhancement under the sentencing guidelines pursuant to its findings that one of Frias-Cobos’s co-conspirators was in possession of a firearm at the time of the crime, that the possession was in furtherance of the crime, and that the possession was reasonably foreseeable to Frias-Cobos; and (4) erred by finding Frias-Cobos ineligible for a downward adjustment pursuant to its finding that Frias-Cobos did not play a minor role in the crimes.
1. The trial court limited the scope of the defendant’s cross examination of a co-conspirator; it did not exclude an area of inquiry. “In reviewing a limitation on the scope of questioning within a given area, we recognize that ‘trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable *173 limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness’ safety, or interrogation that is repetitive or only marginally relevant.’ ” United States v. Larson, 495 F.3d 1094, 1101 (9th Cir.2007) (en banc) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). A trial court’s restriction on the manner or scope of cross-examination is not a constitutional violation, and this panel reviews for abuse of discretion. Larson, 495 F.3d at 1101.
Here, while the court (a) limited the co-conspirator’s plea agreement from being entered into evidence and read into the record, upon objection of a codefendant who was mentioned in the agreement, and (b) would not allow detailed questioning about the co-conspirator’s experiences in jail, Frias-Cobos questioned the witness about the facts that (1) she had made a plea agreement with the government; (2) she was required to testify for the government in exchange for receiving a recommendation for a reduced sentence; (3) she was facing a mandatory minimum prison sentence, a maximum life sentence, and a $4 million fine; (4) she expected to get less time in prison for her cooperation; (5) she had a “strong desire” for the government to make a recommendation for a lesser sentence; and (6) she had been in jail since her arrest. Therefore, the trial court did not abuse its discretion in limiting the scope of the inquiry.
While the court commented to Frias-Cobos’s counsel that he needed to “move his examination along,” the court did not abuse its discretion because counsel was given ample time to conduct his examination.
2. Generally, we review a district court’s evidentiary rulings for abuse of discretion. United States v. Parks, 285 F.3d 1133, 1138 (9th Cir.2002). However, we review for plain error when no objection is made to the trial court. United States v. Tisor, 96 F.3d 370, 376 (9th Cir.1996) (citing Fed.R.Evid. 103(d) and Fed.R.Crim.P. 52(b)). Here, even under the less deferential abuse of discretion standard, the district court’s ruling survives. The court allowed the stipulation to be read to the jury because: (1) the decision regarding admission took place before jury instruction and closing arguments; (2) the stipulation was intended by counsel to facilitate the movement of the trial and avoid cost and expense in bringing in additional witnesses to verify the information in the stipulation; (3) the evidence had been presented previously, in detail, by reading the stipulations and by testimony; (4) the actual methamphetamine was admitted into evidence; and (5) all counsel signed the document, so there was little chance of prejudice.
3. We review a. district court’s sentencing findings, regarding (1) whether a coconspirator possessed a firearm during the commission of a narcotics crime, and (2) whether the conduct in furtherance of the conspiracy was reasonably foreseeable, for clear error. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). The clear error standard requires an inquiry into whether the district court’s findings were clearly erroneous. Id. Review under the clearly erroneous standard is significantly deferential, requiring a “definite and firm conviction that a mistake has been committed.” See Easley v. Cromartie, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The district court’s findings were not clearly erroneous, because: (a) Frias-Cobos had known co-conspirator MarquezHuazo for at least two years; (b) Frias-Cobos knew Marquez-Huazo was a major drug dealer; (c) Frias-Cobos lived in the same apartment complex as Marquez- *174 Huazo; and (d) based on this familiarity, it was reasonably foreseeable to Frias-Cobos that, when moving such large amounts of drugs and money, firearms are frequently involved and a person such as Marquez-Huazo would be concealing a firearm.
4. We review a district court’s ruling on whether the defendant was a minor participant in the criminal activity for clear error. See Ajala v. United States Parole Comm’n, 997 F.2d 651, 656 (9th Cir.1993). The district court did not clearly err because the judge agreed with the jury’s findings that (1) the crimes were a jointly undertaken criminal activity; (2) Frias-Cobos was a close and trusted member of the criminal group; and (3) Frias-Cobos played a key role in physically transporting at least nine pounds of methamphetamine from California to Idaho.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.