**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50201 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 5:17-cr-00278-MWF-1 |
| CHRISTOPHER LLOYD BURNELL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted May 17, 2024
Pasadena, California

Before:  COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.
Concurrence by Judge COLLINS.

Christopher Burnell appeals the sentence imposed following his guilty plea

to committing wire fraud and filing false income tax returns. We have jurisdiction

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

1. Burnell challenges the district court's denial of his motion to substitute

counsel. "We review a district court's denial of a motion for substitution of counsel

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

for abuse of discretion." *United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010) (citing *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777 (9th Cir. 2001)). When a defendant seeks to replace retained counsel with appointed counsel, and "the defendant is financially qualified," the request must be granted "unless a contrary result is compelled by 'purposes inherent in the fair, efficient and orderly administration of justice.'" *United States v. Brown*, 785 F.3d 1337, 1340 (9th Cir. 2015) (quoting *Rivera-Corona*, 618 F.3d at 979). Burnell waited until his sentencing hearing to request substitution of counsel. As the district court recognized, substitution at such a late stage would have inevitably caused significant delay and required victims to reschedule travel to be present. We can also "infer from the record," *Brown*, 785 F.3d at 1347, that the district court was familiar with Burnell's delay tactics to receive continuances, and that the district court was properly concerned that Burnell might well be using the motion to delay proceedings. Under these circumstances, the district court did not abuse its discretion in denying Burnell's substitution motion.

2. Burnell challenges the district court's inclusion of relevant conduct in its loss calculation. Because Burnell did not object to his sentence below, we review for plain error. *United States v. Halamek*, 5 F.4th 1081, 1087 (9th Cir. 2021). Where, as here, an offense level is "largely" determined by "the total amount of harm or loss," U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 3D1.2(d) (U.S.

Sent'g Comm'n 2021), courts may consider for sentencing purposes "all acts and omissions" by the defendant "that were part of the same course of conduct or common scheme or plan as the offense of conviction," U.S.S.G. § 1B1.3(a)(2). Despite the possible lack of "temporal proximity" given the seventeen-year span of Burnell's fraudulent conduct, there is "sufficient similarity" between Burnell's conduct "to reasonably suggest that" Burnell's "repeated instances of criminal behavior constitute a pattern of criminal conduct." *United States v. Hahn*, 960 F.2d 903, 910 (9th Cir. 1992) (quoting *United States v. Santiago*, 906 F.2d 867, 872 (2d Cir. 1990)). Burnell used the same or similar fraudulent misrepresentations as alleged in the indictment, with each of his victims. Further, Burnell specifically disclaimed any factual errors in the Presentence Investigation Report ("PSR") to the district court. The district court did not plainly err in including all the victims' losses as relevant conduct in the loss calculation.

3. Burnell challenges the sufficiency of the evidence for the four-level enhancement under U.S.S.G. § 2B1.1(b)(2)(B) for substantial financial hardship to five or more victims. Because Burnell did not object to the sentencing enhancement below, we review for plain error. *Halamek*, 5 F.4th at 1087. Burnell does not sufficiently challenge the harm to seven of the ten victims who formed the basis of the enhancement. Accordingly, he fails to show the district court plainly erred in applying the substantial-financial-harm sentencing enhancement.

4. Burnell challenges the sufficiency of the evidence for the two-level enhancement for a vulnerable victim under U.S.S.G. § 3A1.1(b)(1), but did not meaningfully challenge the inclusion of one of the vulnerable victims that support this enhancement. Thus, the district court did not abuse its discretion in applying this enhancement. *See United States v. Lonich*, 23 F.4th 881, 910 (9th Cir. 2022).

5. Burnell challenges the district court's calculation of the loss amount. Because Burnell did not object to the loss calculation, we review for plain error. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). According to the Sentencing Guidelines, an 18-level enhancement is appropriate where the loss amount is more than $3,500,000 but less than $9,500,000. U.S.S.G. § 2B1.1(b)(1)(J). The total loss amount calculated was $7,592,491.90. Burnell not only did not object to the PSR but even conceded its facts, so he cannot show the district court plainly erred in relying on the PSR to determine the loss amount.

6. Finally, Burnell challenges the district court's calculation of restitution. We review for plain error because Burnell first raises the challenge on appeal. *See United States v. Begay*, 33 F.4th 1081, 1096 (9th Cir. 2022) (en banc). The district court must order restitution to victims, defined as "person[s] directly and proximately harmed . . . by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(a)(1), (2). Again, Burnell did not contest the PSR, which contained the restitution award. *See Begay*, 33 F.4th at 1097 (citing Fed. R.

Crim. P. 32(i)(3)(A)). Unlike in *Begay*, the restitution award in this case was not predicated on damage that would have required more specific calculations under § 3663A such as damage to property or bodily injury. *See* 18 U.S.C. § 3663A(b). Accordingly, the district court did not plainly err in relying on the uncontested PSR.

**AFFIRMED.**

*United States v. Burnell*, No. 22-50201

COLLINS, Circuit Judge, concurring:

I concur in the court's memorandum disposition. I write separately only to add some additional explanation as to why I think that Burnell's last-minute motion to substitute counsel was properly denied.

On the day he was to be sentenced, Burnell sought *both* to withdraw his plea of guilty and to discharge his retained counsel. The district court denied both motions. Although Burnell on appeal does not challenge the district court's denial of his motion to withdraw his guilty plea, I think that the district court's disposition of that motion helps to elucidate why there was no abuse of discretion in the court's denial of the requested substitution of counsel as well.

The gravamen of Burnell's motion to withdraw his plea was that he had been misled into pleading guilty and that he was unaware, at the time of his plea, that he could be held responsible for as much financial loss, and sentenced to as much prison time, as the Government was recommending. The district court did not abuse its discretion in declining to allow Burnell to withdraw his plea. *United States v. Garcia*, 909 F.2d 1346, 1348–49 (9th Cir. 1990). Burnell's professed ignorance as to the consequences of his plea was belied by his plea colloquy, in which he clearly indicated his understanding that he was not entitled to any particular sentence and that he could be exposed to a greater-than-expected

sentence based on harms to additional victims.

We have held that, when a request to replace retained counsel with appointed counsel implicates "the scheduling demands of the court," the district court must consider the traditional factors for assessing "the defendant's reason for requesting substitution" and weigh those against the court's scheduling concerns. *United States v. Rivera-Corona*, 618 F.3d 976, 980 (9th Cir. 2010). Where, as here, the requested substitution is based on an asserted conflict with current counsel, the district court must (1) consider "the timeliness of the substitution motion and the extent of resulting inconvenience or delay"; (2) adequately inquire "into the defendant's complaint"; and (3) consider "whether the conflict between the defendant and his attorney was so great that it prevented an adequate defense." *Id.* at 978.

Because the district court correctly rejected Burnell's motion to withdraw his plea, all three factors favored denying Burnell's motion to substitute counsel. Burnell's day-of-sentencing request would have substantially delayed the proceedings. Burnell already had changed his counsel on multiple occasions in his case, raising a reasonable concern that his latest motion was merely a strategic bid to put off facing the consequences of his crimes. The district court conducted an adequate inquiry into the conflict, which revealed that the only basis for Burnell's substitution bid was his groundless assertion that he had not been apprised of the

2

consequences of his plea. Burnell's attorney, for his part, told the court that Burnell had refused to cooperate with his efforts to prepare a sentencing position. Burnell's "general unreasonableness or manufactured discontent" toward his counsel did not furnish a valid basis for substitution. *United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009) (citation omitted).

    With these additional observations, I concur in the court's memorandum.