**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30204 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00027-TMB-1 |
| v. | |
| SEDRIC WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted May 3, 2011
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

Sedric Williams appeals his conviction and sentence on federal drug

charges. We affirm.

**I**

**A**

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Williams contends that the admission of evidence of two prior bad acts violated Rule 404(b) of the Federal Rules of Evidence. We review a district court's ruling on the admissibility of evidence of prior bad acts under Rule 404(b) of the Federal Rules of Evidence for abuse of discretion. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). "The government must . . . show that the evidence satisfies Federal Rule of Evidence 403 such that its probative value is not outweighed by its prejudicial effect." *Id.* Where the probative value is slight, moderate prejudice is unacceptable. *Id.* at 1243.

As discussed below, we are persuaded that the totality of the evidence, exclusive of the prior bad acts, was sufficient to persuade a rational trier of fact beyond a reasonable doubt of Williams's guilt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Assuming without deciding that the district court's admission of some or all of the 404(b) evidence in this case was error, any error was more probably than not harmless. *See United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982) ("Because the error in admission of this evidence amounted only to a violation of an evidentiary rule, we consider whether the error affected 'substantial rights.' Under this

2

standard we may affirm if, after consideration of the record, we find that the admission of this evidence was more probably than not harmless." (citations omitted)).

## B

We review *de novo* the denial of a motion for judgment of acquittal based on insufficiency of the evidence. *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997). "While mere proximity to the scene of illicit activity is not sufficient to establish involvement in a conspiracy, a defendant's presence may support such an inference when viewed in context with other evidence." *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir. 1987).

The evidence connecting Williams to the conspiracy in this case, although circumstantial, was more than just slight. Any rational trier of fact could have found, beyond a reasonable doubt, that the snake pendant and the documents bearing Williams's name, as well as his admission of a brief period of residence in the apartment to which the FedEx parcel initially was delivered, connected Williams to the conspiracy. The evidence of anti-theft powder on Williams's hands was sufficient to support a determination that he had both knowledge and possession of the drugs in the FedEx package. Additionally, the jury was entitled to disbelieve Williams's testimony. S*ee United States v. Kenny*, 645 F.2d 1323,

3

1346 (9th Cir. 1981) ("When the defendant elects to testify, he runs the risk that if disbelieved, the trier of fact may conclude that the opposite of his testimony is the truth."). The jury also could choose to credit the expert testimony that it was highly unlikely that the co-conspirators in the apartment would have opened the FedEx package in Williams's presence and permitted him to handle the narcotics if he were not a co-conspirator. *See United States v. Magallon-Jimenez*, 219 F.3d 1109, 1113 (9th Cir. 2000) (finding "manifestly reasonable" the inference that it was highly unlikely that a non-conspirator would be in a truck "with a 10 pound box of cocaine at his feet if he were merely tagging along as a friend"). Moreover, the jury could infer an intent to possess with an intent to distribute from the quantity of the drugs in the FedEx package. *See id.* ("We have repeatedly inferred an intent to distribute from a large quantity of drugs . . . .").

## II

Williams challenges the district court's application of a two-level enhancement for possession of a firearm pursuant to section 2D1.1(b)(1) of the Sentencing Guidelines. "This court reviews the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151

4

(9th Cir. 2005). The two-level enhancement for possession of a firearm in a drug offense "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.3. "Under the Guidelines, a defendant convicted of conspiracy may be sentenced not only on the basis of his own conduct, but also on the basis of the 'conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.'" *United States v. Garcia*, 909 F.2d 1346, 1349 (9th Cir. 1990) (quoting U.S.S.G. § 1B1.3 cmt. n.1).

Here, the evidence reasonably demonstrated that the occupants of the apartment were carrying out a conspiracy to distribute drugs. Accordingly, the district court did not err in applying the two-level enhancement to Williams's sentence for possessing a firearm because it was not clearly improbable that the gun found above a ceiling tile in the bedroom, with the magazine in a nearby dresser drawer, was connected to the offenses of which Williams was convicted.

**AFFIRMED**.