FILED

APR 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50269 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00050-GAF-31 |
| v. | |
| MARIO MORAN, aka Lone, aka Lonely, aka Lonely Boy, aka Johnny Moran, aka Mario Rafael Moran, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted December 11, 2014
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and SMITH, District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

Mario Moran ("Moran") appeals his sentence of 144 months' imprisonment following a guilty plea to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Moran challenges the district court's determination that the conduct underlying his racketeering conviction was a conspiracy to commit murder and disputes the district court's calculation of his Guidelines range based on this determination. Moran further argues that his sentence was substantively unreasonable. We affirm.

1. The district court did not err in finding that Moran knew of a conspiracy by 38th Street Gang members to murder certain individuals when he provided these gang members with firearms. According to the factual basis in Moran's plea agreement, in January 2010, Moran provided firearms to a 38th Street Gang member knowing these weapons could be used to shoot at others. Moran contends that the district court could not have found, based solely on that factual basis, that Moran knew of gang members' plan to murder certain individuals. However, the district court did not rely solely on Moran's plea agreement. The court also relied upon cooperating witness statements and summaries of intercepted phone calls corroborating those statements.

Moran asserts that, beyond the plea agreement's factual basis, evidence of his knowledge of the murder conspiracy consisted of unreliable cooperator statements and hearsay. The district court relied on testimony by cooperating witness Isaac Alvarez from the trial of Moran's co-defendants. Alvarez testified that around January 2010, Moran attended a meeting with 38th Street Gang members to discuss killing two individuals and, after providing Alvarez with two firearms, joined him and others in the search for the targets. Alvarez was subsequently caught by the police, and the firearms were confiscated.

Having observed Alvarez testify, the district court found him credible, despite some inconsistencies, because his statements implicating Moran accompanied his own admissions of guilt and were corroborated by intercepted phone conversations. This rationale is more than sufficient to support the district court's reliance on Alvarez's testimony, especially in light of the "special deference" we give the sentencing court's credibility determinations. *United States v. Santos*, 527 F.3d 1003, 1009 (9th Cir. 2008) (quoting *United States v. Haswood*, 350 F.3d 1024, 1028) (9th Cir. 2003)).

Although Moran asserts that the district court based its findings on hearsay evidence, the only hearsay upon which the court relied consisted of the summaries of intercepted calls that Moran himself submitted at sentencing. Moran does not

3

dispute this evidence's reliability, but rather the district court's conclusion from it—that it showed Moran's awareness of the murder conspiracy. In the calls, 38th Street gang members discussed keeping Moran quiet about the loss of the firearms he had provided, for which he sought compensation, by telling him the guns had been "lost for a good cause." Moran claimed that these gang members' concern over what to tell Moran showed that he did not know what had happened to the guns. The district court disagreed with this interpretation and inferred that Moran would not have sought compensation unless he knew they had been confiscated. While the calls did not conclusively establish Moran's knowledge, the district court did not clearly err by finding that they corroborated Alvarez's testimony. *See United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc) (sentencing court's choice between potential interpretations of ambiguous evidence cannot constitute clear error).

2. The district court did not abuse its discretion in applying the Guidelines to the facts underlying Moran's offense. Moran argues that the district court procedurally erred in basing his Guidelines range on clearly erroneous facts. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (basing a sentence on clearly erroneous facts is procedural error constituting an abuse of discretion). As discussed above, however, the district court's determination that

Moran knew of the murder conspiracy was not clearly erroneous. Moran further contends that the district court procedurally erred in incorrectly calculating his base offense level. *See id.* (incorrect calculation of Guidelines constitutes procedural error). We disagree.

Section 2E1.1 of the Guidelines applies to Moran's racketeering conspiracy conviction and advises a base offense level of either 19 or "the offense level applicable to the underlying racketeering activity," whichever is greater. U.S.S.G. § 2E1.1. The district court found that the underlying racketeering activity was conspiracy to commit murder. Thus, the district court applied a base offense level of 33. U.S.S.G. § 2A1.5.

The district court based its determination that Moran was, for sentencing purposes, guilty of conspiracy to murder on its finding that Moran knew of the conspiracy to murder two individuals when he provided 38th Street Gang members with guns. Moran does not contest the existence of a murder conspiracy or that Alvarez and other participants in the racketeering conspiracy committed overt acts in furtherance of the murder conspiracy. Moran contends, however, that the district court erred because it could not have found that he had the specific intent to murder. This assertion overlooks the distinction between the intent necessary for conviction and the use of relevant conduct for sentencing purposes.

5

In determining conduct upon which to base a sentence, in the case of a conspiracy, the district court must look at "all reasonably foreseeable acts . . . of others in furtherance of the jointly undertaken criminal activity" and "all harm that was the object of such acts." U.S.S.G. § 1B1.3(a)(1)(B), (a)(3). The district court found that Moran's knowledge of gang members' plot to kill two individuals when he provided them with guns meant that Moran would have reasonably foreseen the murder conspiracy during his participation in the racketeering conspiracy. Thus, because under § 1B1.3(a)(1)(B) Moran's relevant conduct encompassed the reasonably foreseeable acts of his co-conspirators, there was no error in the district court's determination that the "underlying racketeering activity" under § 2E1.1(a)(2) was a conspiracy to murder.[1] *See United States v. Gamez*, 301 F.3d 1138, 1147 (9th Cir. 2002) (where murder was reasonably foreseeable based on defendant's participation in a conspiracy, the district court appropriately used the Guidelines section applicable to murder to determine the relevant offense level); *see also United States v. Williams*, 434 F. App'x 585, 587-88 (9th Cir. 2011)

---

[1] The district court treated the increase in Moran's base offense level from 19 to 33 under U.S.S.G. § 2E1.1 and § 2A1.5 as a "sentencing factor [that] has an extremely disproportionate effect on the sentence relative to the offense of conviction," thus requiring that the government prove the factor by clear and convincing evidence. *United States v. Herrera-Rojas*, 243 F.3d 1139, 1143 (9th Cir. 2011) (internal quotation marks omitted). Moran has not disputed the district court's use of the "clear and convincing" standard.

(district court may sentence defendant convicted of conspiracy based on reasonably foreseeable conduct of others in furtherance of the conspiracy). The district court therefore did not abuse its discretion in applying U.S.S.G. § 2A1.5 to determine Moran's base offense level.

3. Moran's sentence of 144 months' imprisonment is not substantively unreasonable. A sentence's substantive reasonableness depends on the "totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range," *Carty*, 520 F.3d at 993 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Moran argues that his sentence was substantively unreasonable because the offense of his conviction, racketeering conspiracy, carried a much lower Guidelines range than murder conspiracy, the offense upon which the district court based its Guidelines calculation. However, as discussed *supra*, there was no error in the factual basis for or calculation of Moran's base offense level, which established Moran's Guidelines range. Moreover, Moran's 144-month sentence was 24 months below the low end of his ultimate Guidelines range. Thus, the sentence's departure from the Guidelines range is not a factor Moran can rely upon to advance his argument here.

The weight given various factors at sentencing under 18 U.S.C. § 3553(a) is within the district court's discretion. *United States v. Gutierrez-Sanchez*, 587 F.3d

7

904, 908 (9th Cir. 2009). The district court considered both the Guidelines range and other § 3553(a) factors, including Moran's desire to be with his young daughter, his history of drug addiction, his association with, rather than membership in, the 38th Street Gang, his criminal record, the sentences of his co-defendants, and the danger he poses to society. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009) (in determining substantive reasonableness, deference must be given to a district court's decision that § 3553(a) factors justify a sentence); *cf. United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008) (district court erred in failing to consider § 3553(a) factors). Thus, Moran's sentence was not substantively unreasonable, and the district court did not abuse its discretion in sentencing him to 144 months' imprisonment.

**AFFIRMED**.